# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WEECE,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID HOLBROOK,[1]<br><br>    Respondent. | Case No. 1:23-cv-00124-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 14)<br><br>ORDER DIRECTING PETITIONER TO FILE SWORN DECLARATION THAT CONTENTS OF PETITION ARE TRUE AND CORRECT<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE DAVID HOLBROOK AS RESPONDENT |

Petitioner John Weece is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends denying Respondent's motion to dismiss.

**I.**

**BACKGROUND**

On January 27, 2023, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2016 Tulare County Superior Court convictions for multiple counts of sexual abuse of minors. (ECF No. 1 at 1.)[2] The petition raises the following claims for

---

[1] David Holbrook is the Warden of the Chuckawalla Valley State Prison, where Petitioner is currently housed. (ECF No. 15.) Accordingly, David Holbrook is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) false witness testimony. (ECF No. 1 at 5–8.) Respondent filed a motion to dismiss, arguing that dismissal is warranted because the petition is unverified, Ground Three is unexhausted and thus the petition is mixed, and Ground Three does not present a federal question. (ECF No. 14.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Ground Three

Petitioner lists under Ground Three of the petition: "False Witness Testimony, Penal Code 1473." (ECF No. 1 at 8.) The supporting facts state:

> On December 12, 2017, Sidney suddenly admitted that she had lied to "one question" that she could not remember during the morning session. (8 R.T. pp. 860–61). During Sidney's CART Interview and Testimony failed to demonstrate that kind of memory for traumatic events that she alleged. "I don't remember the story that I told you[.]"

(ECF No. 1 at 8.) In the motion to dismiss, Respondent argues that "Petitioner's 'false evidence' claim under California Penal Code section 1473 presents no federal question." (ECF No. 14 at 4.) Respondent also argues that although the testimony that Petitioner now claims is false evidence was the subject of Petitioner's insufficient evidence claim and ineffective assistance of counsel claim for counsel's failure to impeach the victim about said testimony, the claim is unexhausted because "at no point has Petitioner challenged this evidence under California Penal Code section 1473." (Id. at 3.)

    1. <u>Cognizability in Federal Habeas Corpus</u>

In Ground Three, Petitioner asserts a false witness testimony claim with citation to "Penal Code 1473." (ECF No. 1 at 8.) California Penal Code section 1473 provides in pertinent part: "A writ of habeas corpus may be prosecuted for, but not limited to . . . False evidence that is substantially material or probative on the issue of guilt or punishment was introduced against a person at a hearing or trial relating to the person's incarceration." Cal. Penal Code § 1473(b)(1). To the extent that Petitioner asserts that he is entitled to relief pursuant to California Penal Code

1  section 1473, such a claim is an issue of state law and not cognizable in federal habeas corpus.

2  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times

3  that federal habeas corpus relief does not lie for errors of state law."); Wilson v. Corcoran, 562

4  U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's

5  criminal judgment susceptible to collateral attack in the federal courts."); Langford v. Day, 110

6  F.3d 1380, 1389 (9th Cir. 1996) (citations omitted) ("We accept a state court's interpretation of

7  state law, and alleged errors in the application of state law are not cognizable in federal habeas

8  corpus."); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in

9  the state post-conviction review process is not addressable through [federal] habeas corpus

10 proceedings.").

11      Although the petition does not identify a federal constitutional basis for this false

12 evidence claim, the petition indicates that the claim was not raised on direct appeal but was

13 raised in state habeas petitions filed in Tulare County Superior Court case VHC423534 and

14 California Court of Appeal, Fifth Appellate District case F084335. (ECF No. 1 at 9.) These state

15 habeas petitions asserted ineffective assistance of counsel claims for "trial counsel fail[ure] to

16 impeach prosecution witness Sidney." (ECF No. 13-5 at 8; ECF No. 13-6 at 5.) The supporting

17 facts state:

> On December 12, 2017, Sidney suddenly admitted that she had lied to "one question" that she could not remember during the morning session. (8 R.T. pp. 860–61). During Sidney's CART Interview and Testimony failed to demonstrate that kind of memory for the traumatic events that she alleged. "I don't remember the story that I told you, cause it was really a long time ago", describing a story she had told only minutes before. (2 C.T. p. 546). Sidney's allegations evoled [*sic*] over time in proximity to Grandma Cheryl, were highly inconsistent and showed no indica of trauma because she could not remember her stories. (A.O.B. p. 132). Psychological research shows that traumatic memories do not fade.

24 (ECF No. 13-5 at 8; ECF No. 13-6 at 5.) The state habeas petitions also list the following

25 supporting "cases, rules, or other authority," which all involve ineffective assistance of counsel

26 claims: Richards v. Quarterman, 566 F.3d 553 (5th Cir. 2009); Strickland v. Washington, 466

27 U.S. 668 (1984); U.S. ex rel. McCall v. O'Grady, 908 F.2d 170 (7th Cir. 1990); Driscoll v. Delo,

28 71 F.3d 701 (8th Cir. 1995). (ECF No. 13-5 at 8; ECF No. 13-6 at 5.)

"It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) (internal quotation marks and citations omitted). Given this duty, the Court will liberally construe Ground Three of the petition as asserting an ineffective assistance of counsel claim for trial counsel's failure to impeach prosecution witness Sidney, as set forth in Petitioner's state habeas petitions. In light of the Court's liberal construction, Ground Three of the petition states a cognizable federal habeas claim, and dismissal is not warranted on this ground.

2. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim, Duncan, 513 U.S. at 365, with "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief," Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)).

Respondent argues that Ground Three is unexhausted because neither the direct appeal nor the state habeas petitions "nor any other [pleading] of which Respondent is aware, alleges a

California Penal Code section 1473 claim." (ECF No. 14 at 4.) However, as set forth in section II(A)(1), *supra*, the Court has liberally construed Ground Three as asserting an ineffective assistance of counsel claim for trial counsel's failure to impeach prosecution witness Sidney. This ineffective assistance of counsel claim was raised in Petitioner's state habeas petitions filed in the Tulare County Superior Court, the California Court of Appeal, and the California Supreme Court. (LDs[3] 5, 6, 8.) Accordingly, the Court finds that dismissal is not warranted on this ground.

### B. Unverified Petition

Rule 2 of the Rules Governing Section 2254 Cases states that the habeas petition must "be signed under penalty of perjury by the petitioner." Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Petitioner did not sign the petition under penalty of perjury, (ECF No. 1 at 15), but the Court will grant Petitioner an opportunity to correct this oversight by filing a declaration under penalty of perjury that the contents of the petition are true and correct. Accordingly, Respondent's request that the petition be dismissed pending verification should be denied. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition. However, the defect is one that the district court may, if it sees fit, disregard." (citations omitted)).

### III.

### ORDER & RECOMMENDATION

Based on the foregoing, the Court HEREBY ORDERS that:

1. David Holbrook be SUBSTITUTED as Respondent in this matter; and
2. Within **THIRTY (30) days** from the date of service of this order, Petitioner SHALL FILE a declaration under penalty of perjury that the contents of the petition are true and correct.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

---

[3] "LD" refers to the documents lodged by Respondent on April 20, 2023. (ECF No. 13.)

1    Further, the undersigned HEREBY RECOMMENDS that Respondent's motion to
2 dismiss (ECF No. 14) be DENIED.
3    This Findings and Recommendation is submitted to the assigned United States District
4 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5 Rules of Practice for the United States District Court, Eastern District of California. Within
6 **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file
7 written objections with the court and serve a copy on all parties. Such a document should be
8 captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
9 objections shall be served and filed within fourteen (14) days after service of the objections. The
10 assigned United States District Court Judge will then review the Magistrate Judge's ruling
11 pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within
12 the specified time may waive the right to appeal the District Court's order. Wilkerson v.
13 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th
14 Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 12, 2023**                          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE