UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WEECE,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES HILL,<br><br>        Respondent. | No. 1:23-cv-0124 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR RECONSIDERATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 18, 27) |

    John Weece is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The magistrate judge noted Petitioner appears to seek reconsideration of the Court's order on Respondent's motion to dismiss. (Doc. 27 at 11.) However, the Court resolved the motion to dismiss in Petitioner's favor, finding that the claim was cognizable and exhausted. (*Id.*, citing Docs. 16, 17.) The magistrate judge also found "the contents of the motion for reconsideration are not related to the issues raised in the motion to dismiss." (*Id.* at 12.) Therefore, the magistrate judge recommended the motion for reconsideration be denied. (*Id.*)

    Turning to the merits of the petition, the magistrate judge found Petitioner was "not entitled to habeas relief for ineffective assistance of counsel…." (Doc. 27 at 15, 16.) In addition,

1

1   the magistrate judge determined that "the state court's harmless error determination regarding the
2   prosecutor's erroneous statement during closing argument was not contrary to, or an unreasonable
3   application of, clearly established federal law, nor was it based on an unreasonable determination
4   of fact." (*Id.* at 21.) Thus, the magistrate judge recommended the petition for writ of habeas
5   corpus be denied. (*Id.*)

6   Petitioner filed timely objections to the Findings and Recommendations. (Doc. 28.)
7   Petitioner now appears to argue the evidence against him was lacking and he was "100%
8   innocent." (*Id.* at 1-3.) He does not address—or even acknowledge—the findings of the
9   magistrate judge that he was not entitled to habeas relief on his claims for ineffective assistance
10  of counsel or the closing argument statement. (*See generally id.* at 1-3.) Thus, Petitioner did not
11  make any objections to the actual findings of the magistrate judge related to the claims raised in
12  his petition.

13  According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the case.
14  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes
15  the Findings and Recommendation are supported by the record and proper analysis.

16  Having found that Petitioner is not entitled to habeas relief, the Court now turns to
17  whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
18  has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
19  allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.
20  § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of
21  appealability "if jurists of reason could disagree with the district court's resolution of [the
22  petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate
23  to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529
24  U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must
25  demonstrate "something more than the absence of frivolity or the existence of mere good faith on
26  his . . . part." *Miller-El*, 537 U.S. at 338.

27  In the present case, the Court finds that reasonable jurists would not find the determination
28  that the petition should be denied debatable or wrong, or that Petitioner should be allowed to

proceed further. Petitioner did not make the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 19, 2024 (Doc. 27) are **ADOPTED IN FULL**.
2. Petitioner's motion for reconsideration (Doc. 18) is **DENIED**.
3. The petition for writ of habeas corpus is **DENIED**.
4. The Clerk of Court is directed to **CLOSE THE CASE**.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 6, 2024**

UNITED STATES DISTRICT JUDGE